ROCHESTER CAPITAL LEASING CORPORATION, Appellant, v. CLARENCE H. BARBER et al., Respondents.

Fourth Department, June 27, 1963.

*Goldstein, Goldman & Kessler (Andrew M. Greenstein* of counsel), for appellant.

*Brown, Zurett, Sullivan, Smith & Gough (Thomas W. Sullivan* of counsel), for respondents.

*Per Curiam.* Defendants owned a laundromat and dry cleaning center. They sold certain machinery and other personal property used therein to plaintiff and at the same time sold the business to third parties. Plaintiff leased the personal property to the third parties for a period of five years and the latter promised to pay monthly rental of approximately $1,000. At about the same time defendants entered into a guarantee agreement with plaintiff. The preamble to this contract recited that the third parties desired " to obtain credit from and/or to enter into a lease " with plaintiff and that the latter was unwilling to enter into the lease " and/or " to extend credit unless it received a guarantee. It was further provided that in order to induce

plaintiff to enter into the lease " and to extend and continue credit " to the lessee defendants guaranteed payment " of the rentals and all sums which may now be due or hereafter become due by the lessee to lessor " pursuant to the terms of the lease and guaranteed performance by the lessee " of all of the other terms, covenants and agreements " contained in the lease.

Paragraph 3 of the agreement provided that the guarantee was a continuing one as to " all obligations and/or indebtedness " due or to become due " provided, however," that defendants by a notice in writing could terminate the guarantee " with respect to all liabilities of the lessee incurred or contracted " by the third parties after the date of receipt by plaintiff of the notice. On October 17, 1962 defendants served written notice under this contract provision and sought thereby to terminate their liability. Plaintiff brought this action to recover an unpaid rent installment that became due on December 23, 1962. Both parties moved for summary judgment and Special Term granted defendants' motion and dismissed the complaint.

Plaintiff's construction of the agreement is that defendants in substance entered into two separate guarantees. First, they guaranteed performance of the lease about to be entered into. Second, they guaranteed all future credit extended to the third parties and performance of all future leases made between plaintiff and the third parties. Plaintiff contends that permission to terminate by defendants extends solely to this second promise and that the guarantee of the subject lease was nonterminable by defendants.

Defendants contend, and Special Term agreed, that the plain reading of the termination of liability clause made them liable only for unpaid amounts due upon the lease prior to the date of the termination notice. The agreement is certainly ambiguous. Plaintiff having prepared the agreement and obtained defendants' signatures on a printed form is met at the threshold of the litigation with the " well-settled maxim that, where there is ambiguity in the terms of a contract prepared by one of the parties, ' it is consistent with both reason and justice that any fair doubt as to the meaning of its own words should be resolved against ' such party." (*Rentways, Inc.*, v. *O'Neill Milk & Cream Co.*, 308 N. Y. 342, 348.)

It is difficult to ascertain from the submitted documents whether or not it was within the contemplation of the parties to this action that additional credit was to be extended to the third parties or additional leases were to be made between plaintiff and third parties. Moreover, a reading of the promissory

clause confirms defendants' view that the latter to induce plaintiff to enter into the lease and. extend further credit guaranteed only performance of the lease provisions by the third parties. Plaintiff to justify its interpretation of the agreement is forced to resort to provisions in a "whereas" clause and in the language of the paragraph relating to termination of the agreement.

Thus, the agreement is not so plain and clear that the court needs no assistance in interpreting its provisions. "The meaning to be discovered and applied is that which each party had reason to know would be given to the words by the other party. Antecedent and surrounding factors that throw light upon this question may be proved by any kind of relevant evidence." (3 Corbin, Contracts, § 579.) A trial is required.

At such trial the factual situation may be explored including the relationship of defendants to the transaction between plaintiff and the third parties. Upon this motion plaintiff tells us only that defendants had previously sold the personal property to plaintiff "which in turn leased it to" the third parties. It is impossible to ascertain whether defendants were gratuitous guarantors or received some consideration. It is equally unclear whether plaintiff revealed to defendants all of the facts from which the latter could understand the ambiguous guarantee agreement. Pertinent here is the statement in *Burns* v. *Barrow* (61 N. Y. 39, 42): "It is a case of pure guaranty; a contract which is said to be *strictissimi juris*; and one in which the guarantor is entitled to a full disclosure of every point which would be likely to bear upon his disposition to enter into it. The consideration of the contract does not enure to him, but to another. He assumes the burden of a contract without sharing in its benefits. He has a right to prescribe the exact terms upon which he will enter into the obligation, and to insist on his discharge in case those terms are not observed. It is not a question whether he is harmed by a deviation to which he has not assented. He may plant himself upon the technical objection, this is not my contract, *non in hæc fœdera veni.*"

The order should be reversed and the motion and cross motion denied.

WILLIAMS, P. J., BASTOW, HALPERN and HENRY, JJ., concur.

Order unanimously reversed, with $25 costs and disbursements to defendants and plaintiff's motion and defendants' cross motion denied, without costs.